

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 29, 1961

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-1032

Re: Under the facts stated,
whether the operation of
the 303 stores by the
Southland Corporation
constitutes a continuous
operation so as to place
it under the licensing
requirements and the
penalty provision of Art.
17.04, Title 122A, V.C.S.

Dear Mr. Calvert:

In requesting our opinion relative to Chapter 17,
Title 122A, V.C.S., you propounded the following questions:

"Does the operation of the 303 stores
by The Southland Corporation in the
State of Texas constitute a continuous
operation so as to place them under
the licensing requirements and neces-
sarily the penalties provision of
Article 17.04, Title 122A, V.A.T.S.?

"If it is a ruling of your department
that this corporation does not come
under this provision, /¯Article 17.04_7
in view of the fact that they were
physically operating their stores on
December 31, 1960, January 1, 1961 and
January 2, 1961; will the late filing
penalties prevail for not having com-
plied with Article 17.01, Title 122A,
V.A.T.S., requiring the securing of
the licenses before operation may be
begun?"

You have given us a statement of facts concerning 303
stores or mercantile establishments which were jointly operated
by Southland Corporation and Cabell's, Inc. prior to January 1,
1961.

It appears that Southland Corporation, a foreign
corporation, filed an application for certificate of withdrawal
with the Secretary of State to be effective January 1, 1961.

Cabell's, Inc. entered its withdrawal of permit to do business in Texas as of December 31, 1960. Southland Corporation above referred to will be referred to hereafter for convenience as "Original Southland Corporation". This "Original Southland Corporation" ceased to exist as of January 1, 1961.

Southland Corporation, hereinafter referred to as "New Southland Corporation", is a completely new corporation, which acquired all of the assets and liabilities of the "Original Southland Corporation" and Cabell's, Inc.

The "New Southland Corporation" became qualified to do business in Texas on January 1, 1961. Notwithstanding the fact that this successor corporation maintained the same name and the same management, this was a different and completely new corporation which did not own or operate any stores before the first day of January, 1961. On January 3, 1961, it mailed an application for store licenses to the Comptroller together with a check for the license fees, which was received on January 4th and duly processed and deposited.

Article 17.02, Title 122A, V.C.S., provides that "Any. . .corporation. . .desiring to operate, maintain, open or establish a store. . .in this State shall apply to the Comptroller of Public Accounts for a license so to do. . . ."

Article 17.04, Title 122A, V.C.S., provides for the renewal of licenses by a corporation already in business before the first day of January and desiring to continue in business under a renewed license. This Article provides for a late filing penalty of 5% of the license fee if the application is not received on or before December 31.

It is our opinion under the facts stated that the "New Southland Corporation" only commenced to do business on the first day of January, 1961. Therefore, this corporation was required to file application for license as provided by Article 17.02, V.C.S., and not for renewal of license as provided by Article 17.04. Your first question is therefore answered in the negative.

Article 17.01, V.C.S., provides, in part, that

> ". . .it shall be unlawful for any. . .
> corporation. . .to operate, maintain,
> open or establish any store or mercantile
> establishment in this State without first
> having obtained a license so to do from
> the Comptroller of Public Accounts as
> hereinafter provided."

Honorable Robert S. Calvert, Page 3          Opinion No. WW-1032

        Although Article 17.01 states that it shall be unlaw-
ful to operate stores without first obtaining a license, the
Legislature has not provided a penalty for such unlawful opera-
tion.

        The only penalties provided in Chapter 17, is in
connection with the failure to file application for a renewal
license on or before December 31st (Article 17.04) and for the
operation of stores without having displayed in a conspicuous
place in the store the license receipt for the current year
(Article 17.09). As these penalties are not applicable by their
terms to Article 17.01 your second question is also answered in
the negative.

                        S U M M A R Y

        A new corporation qualified to do business
        as of January 1, 1961, is required to apply for
        license to operate stores as provided by Article
        17.02, Chapter 17, Title 122A, V.C.S., and not
        under Article 17.04 which provides for renewal
        of licenses of corporations already in business.

        The late filing penalties provided for in
        Article 17.04, V.C.S., Title 122A, are not
        applicable for the operating of a store without
        first having obtained a license so to do from
        the Comptroller of Public Accounts.

                        Yours very truly,

                        WILL WILSON
                        Attorney General of Texas

                        By J. H. Broadhurst
                        Assistant

JHB:jp

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Jack N. Price
John Reeves
L. P. Lollar
John Leonarz

REVIEWED FOR THE ATTORNEY GENERAL
By: Morgan Nesbitt